**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

UNITED STATES OF AMERICA,

        *Plaintiff,*

vs.

        Case No. 07-60066-EFM

SHAWN T. KING,

        *Defendant.*

**MEMORANDUM AND ORDER**

This case involves an objection to a writ of continuing garnishment based on financial hardship. In 2006, Shawn King was convicted of communicating a false distress message in violation of 14 U.S.C. § 88(c). As part of his sentence, King was ordered to pay $84,000 in restitution to the United States Coast Guard. To facilitate restitution payments, 25% of Kings earnings are garnished. King now asks the court to set aside the garnishment order or lower his payments due to financial hardship. Although it is unclear whether a court in this district will even consider financial hardship in ruling on an objection to a writ of continuing garnishment, King has not brought sufficient financial information to support his objection. Therefore, the Court denies Defendant King's Motion for Order re [5] Writ of Continuing Garnishment (Doc. 8).

## I. Factual and Procedural Background

On February 7, 2006, Defendant King was ordered by the United States District Court, Northern District of Ohio, to pay $84,000 in restitution to the United States Coast Guard for communicating a false distress message. On October 23, 2007, King's case was transferred to this Court. Currently, King still owes $80,943.25 in restitution.

On January 22, 2019, a writ of continuing garnishment was sent to King's employer, AAA Club Alliance Inc. ("AAA"), in which AAA was ordered to withhold 25% of King's nonexempt earnings. On February 22, 2019, King filed this Motion, asking the Court to remove the garnishment, lower the payment required, or make a new payment plan. King asserts that his request is warranted based on financial hardship.

In support of King's assertion of financial hardship, King states that his newborn baby has been hospitalized since late 2018 and that his wife has been staying at the hospital with the baby. King states that he is the "sole supporter for the vehicles, house, and [his] oldest son." Additionally, King supplied three pay stubs from AAA that were paid biweekly for $615.32, $519.77, and $655.33. King also supplied some information about his expenses, including: a Walmart receipt for $147.00, a rent receipt for $570.00, two receipts for vehicle payments totaling $330.00, and a Gas bill for $261.29.

The United States asserts that it has repeatedly requested, without success, that King provide detailed information about his financial circumstances. Because King has failed to provide enough relevant information about his finances, the United States argues that the Court should deny King's Motion.

## II.    Legal Standard

A judgment can be enforced by any remedy in the Federal Debt Collection Procedures Act ("FDCPA").[1]  One of these remedies is a writ of continuing garnishment where a debtor has a "substantial nonexempt interest" in property possessed and withheld by the garnishee including "nonexempt disposable earnings."[2]  Garnishments of "nonexempt disposable earnings" are defined as 25 percent of earnings after legally required deductions are withheld.[3]  Under 28 U.S.C. § 3013, the Court may on its own or after motion by the party against whom a remedy is enforced, deny, limit, condition, regulate, extend, or modify any enforcement procedure under the FDCPA.[4]  The objecting party bears the burden of proving the grounds for any objection to a garnishment being executed.[5]

## III.    Analysis

No court in this district has decided whether it will consider financial hardship in ruling on an objection to a garnishment under 28 U.S.C. § 3013.  The FDCPA does not expressly state that 25% of nonexempt disposable earnings is the required amount of a garnishment against wages, although nonexempt disposable earnings are defined as 25%.[6]  Accordingly, some courts have held

---

[1] 28 U.S.C. § 3202.

[2] 28 U.S.C. § 3205(b)(1)(C).

[3] 28 U.S.C. § 3002(5), (9).

[4] 28 U.S.C. § 3013.

[5] *See United States v. Holcomb*, WL 5306257, at *1–2 (D. Kan. 2012) (citing 28 U.S.C. § 3205(c)(5)) (explaining the burden is on the objecting party for any objection that the garnished property is exempt); *see also United States v. Crowther*, 473 F. Supp. 2d 729, 731 (N.D. Tex. 2007) (citing 28 U.S.C. § 3205(c)(5)) (explaining the requirements in § 3205(c)(5) apply to objections of exemptions as well as non-exemption objections like inability to pay or financial hardship).

[6] *United States v. George*, 144 F. Supp. 2d 161, 165 (E.D.N.Y. 2001) (citing 15 U.S.C. § 1673(a); 28 U.S.C. § 3002(9); 28 U.S.C. § 3205(a)).

that 28 U.S.C. § 3013 allows courts to consider individual circumstances like financial hardship in modifying collection procedures to lower garnishment amounts.[7]  Conversely, at least one court has held that individual circumstances like financial hardship may not be considered in an objection to a garnishment.[8]

Nevertheless, the Court need not decide whether financial hardship can form the basis for modifying a writ of continuing garnishment.  Even if the Court can consider King's financial circumstances, King has not brought enough financial information to meet the burden of proving a financial hardship.  In jurisdictions that consider individual circumstances, the burden on the objecting party cannot be met without bringing sufficient evidence to prove the grounds for the alleged objection.[9]  There might be such evidence where the moving party has shown that the garnishment leaves the party with inadequate funds to meet a reasonable amount of family and household expenses.[10]  In *Kaye*, the court considered monthly net household income, including the wife's income, after the garnished amount was withheld from the defendant's earnings to determine if the Defendant could maintain a reasonable level of comfort.[11]

King's argument for reducing the garnishment fails because he has not brought sufficient financial information to meet his burden.  The ground for King's objection is financial hardship.

---

[7] *See e.g.*, *United States v. Kaye*, 93 F. Supp. 2d 196, 198–99 (D. Conn 2000) (suggesting the court needs discretion to modify the collection procedures to protect the rights of individuals); *United States v. Ogburn*, 499 F. Supp. 2d 28, 30–32 (D.D.C. 2007) (suspending garnishment when defendant was unable to pay); *George*, 144 F. Supp. 2d at 164–65 (explaining the court has discretion to reduce the garnishment amount).

[8] *See United States v. Hanhardt*, 353 F. Supp. 2d 957, 960–61 (N.D. Ill. 2004) (acknowledging sometimes there are unfortunate consequences for a defendant's family due to criminal conduct which the law will not consider for modifying a garnishment).

[9] *See Crowther*, 473 F. Supp. 2d at 731; *see also Kaye*, 93 F. Supp. 2d at 199–200.

[10] *See Kaye*, 93 F. Supp. 2d at 200.

[11] *Id.*

As the objecting party, King has the burden of proving the grounds for the objection. All of King's evidence consists of three pay stubs and some documents showing expenses. These documents do not specify a number of important facts including but not limited to: whether King's fiancé brings in any income, how much keeping his son in school costs, and whether he is helping to pay for his infant child in the hospital.

King has not brought financial information sufficient to show a financial hardship despite the United States twice requesting more information from him. Financial hardship is the grounds of King's objection which King had the burden of proving. Therefore, even if the Court can consider individual circumstances in determining whether to deny or modify a garnishment, King's argument fails because he has not met his burden.

**IT IS THEREFORE ORDERED** that King's Motion for Order re [5] Writ of Continuing Garnishment (Doc. 8) is **DENIED.**

**IT IS SO ORDERED.**

Dated this 3rd day of June, 2019.


ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE